**CHARLES B. GREENE**
**ATTORNEY AT LAW**
**84 W. SANTA CLARA STREET SUITE 770**
**SAN JOSE, CALIFORNIA 95113**
**(408) 279-3518**
**STATE ID # 56275**
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **In re** ) | **Case No. 09-56517 rle** |
| ) | |
| **AMY STAVIS,** ) | **Chapter 13** |
| ) | |
| ) | **PREHEARING CONFERENCE** |
| **Debtor.** ) | **STATEMENT** |
| ) | |
| ) | **Date: January 21, 2010** |
| ) | **Time: 2:00 p.m.** |
| ) | **Judge Roger L. Efremsky** |

DEBTOR, AMY STAVIS, as and for her Prehearing Conference Statement, states as follows:

1.    The Debtor is current in the payment of her Chapter 13 plan payments pursuant to the current proposed plan.

2.    The Debtor received an objection from Mr. and Mrs. Jess Walker. Counsel for the Walkers has taken a 2004 Examination, and based upon information obtained during the 2004 Examination, the Walker's counsel has enumerated various amounts in the objection resulting in a significant amount of money which the Walkers believe should be paid to the unsecured claimants. Further, the Walkers are challenging the Debtor's assertion that the Walker's secured claim is preferential.

3.    The Debtor is requesting that the Court set an evidentiary hearing of at least 2-3 hours to allow the Court to consider the following issues:

    a.    What is the value of the Debtor's residence. The Walkers believe that it is at least $970,000.00, and the Debtor believes that in the current market, the property is worth no more than $900,000.00 and probably less than $900,000.00.

    b.    The Walkers dispute the values which the Debtor has placed on the various items of personal property. The Court needs to have presented to it testimony and evidence by

Case: 09-56517    Doc# 38    Filed: 01/11/10    Entered: 01/11/10 12:33:19    Page 1 of 2

the Debtor and by the Walkers to resolve what are the values of various items of personal property.

   c.    The Walkers are contending that the Debtor has sufficient cash flow to pay significantly more in plan payments than the Debtor now proposes, and the Court needs to consider evidence with regard to the Debtor's income and expenses as a attorney.

4.    As stated herein, the Debtor believes that an evidentiary hearing would take at least 2-3 hours, and that determination by the Court of the individual elements of value will be controlling to determine what is the aggregate dividend that should be paid by the Debtor in her Chapter 13.

5.    The Trustee has also objected, and the Debtor and her counsel are collecting financial information to provide to the Trustee. Some of the information has been provided but not all.

6.    Debtor is requesting that the Court set the mater for evidentiary hearing within the next 30-60 days, and that the Prehearing Conference be continued to a date on or after the evidentiary hearing date.

DATED January 11, 2010

                                      /s/ Charles B. Greene
                                      **CHARLES B. GREENE**
                                      **Attorney for Debtor(s)**