CHARLES B. GREENE
ATTORNEY AT LAW
84 W. SANTA CLARA STREET SUITE 770
SAN JOSE, CALIFORNIA 95113
(408) 279-3518
STATE ID # 56275
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 09-56517 rle |
| AMY STAVIS, | Chapter 13 |
| Debtor. | TRIAL BRIEF |
| | Date: August 20, 2010 |
| | Time: 10:00 a.m. |
| | Judge Roger L. Efremsky |

THE COURT issued an Amended Scheduling Order for Trial on Objection to Confirmation of Chapter 13 Plan (docket no. 65). In part, said Scheduling Order provided that a valuation trial would be conducted on July 29, 2010 at 1:00 p.m. for the purpose of the Court determining the fair market value of the Debtor's personal residence located at 125 Verde Court, Los Gatos, California. The Court determined after trial that the fair market value of the Debtor's residence was $775,000.00. On this basis, the lien that had been placed on Debtor's residence shall be removed since the debts exceeds the value of the home, as Ordered by the Court. The Walkers', in essence, did not prevail in their claim that they should be deemed secured creditors.

Pursuant to the said Scheduling Order, the Court scheduled trial for August 20, 2010 at 10:00 a.m. on the remaining issues in dispute by and between the Debtor and Jess and Cindy Walker (hereinafter sometimes referred to as "the Creditors").

The former counsel of the Creditors, Kari L. Silva, and Debtor's counsel, entered into a "Stipulated Statement of Facts" (docket no. 42), a copy of which is attached hereto and incorporated by reference as Exhibit "1". Said Exhibit 1, among other items, describes the agreed upon income and assets (page 4, lines 5-12), and the agreed upon expenses (page 4, lines 15-26 and page 6, lines 1-7) of the Debtor.

Attached hereto as Exhibit "2" is a document labeled "Cover Sheet Regarding Listing of Stipulated/Agreed Upon Expenses of Debtor and Disputed Facts Regarding Expenses (pursuant to the Stipulated Statement of Facts signed on February 26, 2010)" and is incorporated by reference herein.

Exhibit 1 describes on page 5, lines 9-25, the disputed facts.

The Creditors dispute in paragraph 32 of Exhibit 1 that the Debtor has understated the amount in her general account at Bank of the West by the amount of $9,008.00. The Debtor's amended Schedule B states that the amount in the account as of the date of the filing was $1,168.00.

The Debtor has filed with the Court as of August 10, 2010 an Amended Chapter 13 Statement of Current Monthly Income and Calculated Commitment Period and Disposable Income which addresses the following disputes of the Creditors:

a. The amount of monthly income from self-employment stipulated by and between the parties hereto is $26,250.00. This was agreed upon by Debtor for settlement purposes.

b. The Amended Statement of Current Monthly Income reduces in line item 30 the amount of federal, state and local taxes other than real estate and sales taxes to zero. The taxes, in the amount of $3,252.00 are now described and set forth on the Amended Business Income and Expenses pleading filed on August 10, 2010. This amount of tax is based upon Debtor's 2009 draft tax returns that were prepared by her CPA, Randal McCahan. The annual amount of the estimated tax owed was reduced to an average monthly figure.

c. The parties have stipulated that the expense for the Debtor's vehicle per month is $1,200.00, which includes personal use and business use.

d. The Debtor has eliminated from the Amended Statement of Current Monthly Income, line 47, the expense for the leased automobile.

e. The Debtor amended the Statement of Current Monthly Income line 35, child care expenses, to state that the child care expense is $527.00 per month, as stipulated by the parties.

f. The Debtor on the Amended Statement of Current Monthly Income, line 39a, eliminated the expense for health insurance. The parties stipulated that the health and malpractice insurance cost of the Debtor are $1,536.00. The $1,536.00 is referred to on the Debtor's

Amended Business Income and Expenses pleading filed on August 10, 2010.

g. The Debtor's Amended Statement of Current Monthly Income, line 37, has eliminated any expense for telecommunication services. This expense was mistakenly placed on the form.

h. Line 59 of the Amended Statement of Current Monthly Income indicates disposable income of $16,246.37.

i. The Amended Statement of Current Monthly Income, line 60, shows total business expenses of $16,278.33.

The Debtor has filed with the Court an Amended Schedule J - Current Expenditures of Individual Debtor on August 10, 2010.

The primary issue that needs to be addressed by the Court at this Trial pertains to the Creditors' disagreement about certain, specific "business expenses" of the Debtor, as follows:

a. Paralegal expense;
b. CPA expense;
c. Telephone and computer expense;
d. Janitorial expense;
e. Goldline overdraft expense;
f. Dues and subscriptions;
g. Client credit card fee expense;
h. Bookkeeping expense (her fees mostly relate to her monthly invoicing of clients);
i. Repairs and maintenance expense;
j. Interest expense;
k. Office expense;
l. Court cost expense.

The Debtor has presented to the Court in her Exhibit binders the documentation which supports the amounts described and defined in the Amended Business Income and Expenses for said categories.

The Creditors, in paragraph 33, have disagreed regarding the "reasonableness" of the following personal living expenses of the Debtor:

a. Recreation and entertainment expenses of $335.00;

b. Child care activities of $273.00 (the parties have stipulated that $527.00 was non-disputable, page 4, line 22 of Exhibit 1);

c. Home maintenance of $550.00;

d. Food expenses of $750.00;

e. Medical and dental expenses of $475.00.

The Debtor will testify about the amounts for said categories of expenses. The evidence will demonstrate that the Debtor is conscious of the need to budget her personal living expenses and the expenses for her minor son (the Debtor is a single parent and shares custody of the minor child with his father, who resides in the immediate area). It is up to the Court to determine whether or not the amounts spent by the Debtor in those categories challenged by the Creditors are "reasonable" expenses. It should be noted that the Debtor has already greatly reduced her personal and business spending, and she is continuing to do so.

The Debtor is a licensed California attorney who specializes in family law matters. As such, the Debtor is responsible to pay her federal and state tax obligations on a quarterly basis. The Debtor has been advised by her accountant, Mr. Randal McCahan (who will be present to testify as a witness at the trial), that her estimated tax payments on a monthly basis are $3,252.00. The total tax obligation that the Debtor has for calendar years 2008 and 2009 is in excess of $50,000.00. The IRS has filed a Proof of Claim for 2008 taxes for approximately $12,200.00. Debtor owes just over $39,000.00 for her State and Federal income taxes for 2009, in part, based upon the fact that Debtor reduced her business expenses between 2008 and 2009 and her income remained close to the same each of those years. She therefore did not pay enough estimated taxes in 2009. Mr. McCahan will testify as to the accuracy of this tax amount since he is the individual who prepared the draft returns. Consequently, in order for the Debtor to pay the priority federal and state tax claims plus the Trustee fees, plus bankruptcy attorney fees, the Debtor will have to make plan payments in the approximate amount of $1,000.00. The Amended Statement of Current Monthly Income and the Debtor's Amended Business and Expenses filed on August 10, 2010, establish that the Debtor will have to be very frugal and conscious of her budget, of both her business and personal expenses, in order for her

**TRIAL BRIEF** 4
Case: 09-56517   Doc# 72   Filed: 08/10/10   Entered: 08/10/10 12:03:40   Page 4 of 5

to be able to pay out the amount necessary in the Chapter 13 for the plan to complete within 60 months. Debtor has been paying $750.00 per month towards the Chapter 13 Plan since the bankruptcy began one year ago.

The documentation and the testimony will demonstrate that the Debtor's disputed personal expenses are reasonable and that the Debtor's necessary business expenses are supported by the evidence presented.

The Debtor is requesting that the Court overrule the objection of the Creditors and determine that so long as the Debtor pays into the Chapter 13 plan an amount of not less than $48,000.00, that she is paying the maximum amount of disposable income required under the provisions of Section 1325 et. seq. of the Bankruptcy Code.

DATED: August 10, 2010

/s/ Charles B. Greene
**CHARLES B. GREENE**
**Attorney for Debtor(s)**

TRIAL BRIEF 5
Case: 09-56517   Doc# 72   Filed: 08/10/10   Entered: 08/10/10 12:03:40   Page 5 of 5